IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| KIMARIO D. ANDERSON, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) Case No. 21-2545-EFM-KGG |
| | ) |
| HEARTLAND COCA-COLA, | ) |
| | ) |
| Defendant. | ) |

**MEMORANDUM & ORDER GRANTING
MOTION TO PROCEED WITHOUT PREPAYMENT OF FEES
AND RECOMMENDING CONSOLIDATION**

In conjunction with his federal court Complaint alleging employment discrimination (Doc. 1), Plaintiff Kimario D. Anderson has filed a Motion to Proceed Without Prepayment of Fees ("IFP application," Doc. 3, sealed) with a supporting financial affidavit (Doc. 3-1, sealed.)  After review of Plaintiff's motion, the Court **GRANTS** the IFP application.

Plaintiff has another lawsuit currently pending against the same Defendant, his former employer, alleging employment discrimination as to the firing that is also the subject of the present lawsuit.  *Compare* Case No. 21-2530-EFM-KGG,

1

Doc. 1 *with* Case No. 21-2545-EFM-KGG, Doc. 1.  For the reasons set forth below, the undersigned **recommends** to the District Court that this case be consolidated with Case No. 21-2530-EFM-KGG.

## ANALYSIS

I.     **Motion to Proceed *IFP*.**

Under 28 U.S.C. § 1915(a), a federal court may authorize commencement of an action without prepayment of fees, costs, etc., by a person who lacks financial means.  28 U.S.C. § 1915(a).  "Proceeding *in forma pauperis* in a civil case 'is a privilege, not a right – fundamental or otherwise.'" **Barnett v. Northwest School**, No. 00-2499, 2000 WL 1909625, at *1 (D. Kan. Dec. 26, 2000) (quoting **White v. Colorado**, 157 F.3d 1226, 1233 (10th Cir. 1998)).  The decision to grant or deny in forma pauperis status lies within the sound discretion of the court.  **Cabrera v. Horgas**, No. 98-4231, 1999 WL 241783, at *1 (10th Cir. Apr. 23, 1999).

There is a liberal policy toward permitting proceedings *in forma pauperis* when necessary to ensure that the courts are available to all citizens, not just those who can afford to pay.  *See generally*, **Yellen v. Cooper**, 828 F.2d 1471 (10th Cir. 1987).  In construing the application and affidavit, courts generally seek to compare an applicant's monthly expenses to monthly income.  See **Patillo v. N. Am. Van Lines, Inc.**, No. 02-2162, 2002 WL 1162684, at *1 (D.Kan. Apr. 15, 2002); **Webb v. Cessna Aircraft**, No. 00-2229, 2000 WL 1025575, at *1 (D.Kan.

2

July 17, 2000) (denying motion because "Plaintiff is employed, with monthly income exceeding her monthly expenses by approximately $600.00").

In his supporting financial affidavit, Plaintiff indicates that he is 41 and single with one dependent for whom he pays child support. (Doc. 3, sealed, at 1-2.) He indicates is employed, earning a modest monthly income and receiving health insurance. (*Id.*, at 2.) He does not own real property but does own two modest automobiles outright, with little stated residual value. (*Id.*, at 4.) He indicates a small amount of cash on hand. (*Id.*) He lists reasonable amounts for rent and other expenses, including gas, utilities, automobile insurance, and health insurance. (*Id.*, at 5.) He has not received government assistance in the past year. (*Id.*, at 4.) In addition to child support, Plaintiff lists other debts including a personal loan and an amount owed to the I.R.S.

Although Plaintiff's income is slightly higher than his stated monthly expenses, considering the information contained in his financial affidavit, the Court finds Plaintiff has established that his access to the Court would be significantly limited absent the ability to file this action without payment of fees and costs. The Court thus **GRANTS** Plaintiff's request to proceed *in forma pauperis*. (Doc. 3, sealed.)

**II.    Recommendation for Consolidation.**

The consolidation of cases is governed by Fed.R.Civ.P. 42. Section (a) of that Rule provides that "[i]f actions before the court involve a common question of law or fact, the court may: (1) join for hearing or trial any or all matters at issue in the actions; (2) consolidate the actions; or (3) issue any other orders to avoid unnecessary cost or delay."

The present case consists of a state law wage and hour claim by which Plaintiff contends his former employer failed to pay him amounts promised at the time of his termination. This is not a federal cause of action. As such, this court does not have jurisdiction over this claim as a stand-alone cause of action.

However, as discussed above, Plaintiff has another pending lawsuit against the same Defendant alleging federal law employment discrimination. (*See* Case No. 21-2530, Doc. 1.) The firing therein is also the subject of the present lawsuit. (*See* Doc. 1 herein.)

Because this Court has jurisdiction over Plaintiff's federal cause of action in Case No. 21-2350-EFM-KGG, this Court would have pendent jurisdiction over Plaintiff's state law cause of action herein if the causes of action were raised in the same lawsuit. See **US Telecom v. Hubert**, 578 F.Supp. 1500, 1503 (D. Kan. 1987) (holding that jurisdiction exists in federal court under the doctrine of pendent jurisdiction when such other claims arise from a common nucleus of operative facts, and all of the claims are such that they could reasonably be litigated in one

proceeding) (citing **United Mine Workers of America v. Gibbs**, 383 U.S. 715, 725, 86 S.Ct. 1130, 1138, 16 L.Ed.2d 218 (1966)); **Midwest Underground Storage, Inc. v. Porter**, 717 F.2d 492 (10th Cir. 1983) (holding that where a federal claim is "substantial," pendent jurisdiction is proper when the state claims arose from a common nucleus of operative facts) (citing **United Mine Workers**, *supra*).

Rather than recommend to the District Court that the present lawsuit be dismissed for lack of jurisdiction,[1] the undersigned Magistrate Judge **recommends** that this matter be consolidated with Case No. 21-2530-EFM-KGG. This allows Plaintiff to proceed with his state law wage and hour claims in conjunction with his federal cause of action for wrongful termination against the same Defendant and arising out of the same firing. The Court would then view the Complaint in present lawsuit (Doc. 1) as a supplement to the Complaint in Case No. 21-2530-EFM-KGG.

IT IS THEREFORE ORDERED that Plaintiff's motion for IFP status (Doc. 3, sealed) is **GRANTED**.

IT IS THEREFORE RECOMMENDED to the District Court that this case be consolidated with Case No. 21-2530-EFM-KGG.

---

[1] *See* **Ford v. Benson Title**, 972 F.2d 356 (10th Cir. 1992) (affirming a district court's dismissing state law claims for lack of jurisdiction when no valid federal law causes of action are present).

**IT IS SO ORDERED**.

Dated at Wichita, Kansas, on this 24th day of November, 2021.

                                           /S KENNETH G. GALE
                                           KENNETH G. GALE
                                           United States Magistrate Judge