IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

KIMARIO D. ANDERSON,

    *Plaintiff*,

vs.

    Case No. 21-2545-EFM

HEARTLAND COCA-COLA,

    *Defendant*.

**MEMORANDUM AND ORDER**

Plaintiff Kimario Anderson alleges that his former employer, Defendant Heartland Coca-Cola, reneged on an agreement at the time of his April 10, 2020 termination to pay him his accrued paid time off (PTO) wages. In an earlier, separate action, Plaintiff has sued Heartland Coca-Cola alleging that his termination was the product of racial and religious discrimination, and as retaliation for his opposition to discrimination.[1]

This matter is before the Court following the November 24, 2021 Memorandum and Order of the United States Magistrate Judge, which granted Plaintiff's motion to

---

[1] *Anderson v. Heartland Coca-Cola*, No. 21-2530-EFM-KGG (D. Kan.)

proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915(a). The Magistrate Judge also observed that the court lacked jurisdiction to hear Plaintiff's wage and hour claim under Kansas state law, but recommended that the action should be consolidated under Fed.R.Civ.Pr. 42(a) with the discrimination action, which focuses on the same termination that is the subject of the present lawsuit.

However, "a court must have jurisdiction over a case before it can start applying procedural mechanisms like consolidation."[2] If the Court lacks jurisdiction, the action is not "pending before the court" for purposes of Rule 42 consolidation.[3] Thus, the determination that the Court lacks jurisdiction over the wage and hour claim precludes consolidation of the actions.[4]

The Complaint in the present action could be treated as a request to amend the discrimination action to add the PTO claim, and this remains an option if Plaintiff choses. But as presented now, the Court agrees with the Magistrate Judge that there appears to be no sound basis for federal jurisdiction over a separate and independent

---

[2] *Washington v. Burley*, 2012 WL 5289682, at *2 (S.D. Tex. 2012). *See also McCubbins v. United Airlines*, 227 F.Supp.3d 654, 659 (S.D. Miss. 2016) ("because the Court lacks subject-matter jurisdiction in *McCubbins I*, it lacks the authority to order consolidation with *McCubbins II*); *Williams v. Ameriquest Mortg.*, 2007 WL 2254416, at *2 (M.D. Ala. Aug. 2, 2007) ("consolidation could not confer federal jurisdiction ... if it were otherwise lacking").

[3] *See Neely v. Union Nat. Ins. Co.*, 2002 WL 32397266, *6 (S.D. Miss.) ("If a case is not properly removed, then it is not 'pending before the court;' thus the court lacks jurisdiction to consolidate the case with other causes of action."); *Toyco, Inc. v. Equity Mktg.*, 2000 WL 654957, at *2 (E.D. Mich. 2000).

[4] *See Randolph v. Forsee*, 2010 WL 3943635, at *2 (D. Kan. Oct. 7, 2010) ("Because this Court is of limited jurisdiction, it should determine that it has subject matter jurisdiction before it exercises jurisdiction by granting the motion to consolidate."); *Eatinger v. BP Am. Prod'n*, 2008 WL 4163250, at *3 (D. Kan. Aug. 26, 2008) ("procedural consolidation will not provide jurisdiction where it is otherwise lacking").

claim for breach of an agreement to provide PTO wages. Consolidation, however, is not the solution.

**IT IS THEREFORE ORDERED** that the Recommendation of Consolidation (Dkt. 7) is hereby denied.

**IT IS FURTHER ORDERED** that Plaintiff shall show cause on or before December 17, 2021 why this case should not be dismissed for lack of jurisdiction.

**IT IS SO ORDERED.**

Dated this 1st day of December, 2021.

ERIC F. MELGREN
UNITED STATES DISTRICT JUDGE